SAMUEL A. ALDERMAN *vs.* THE NEW DEPARTURE BELL
COMPANY.

Third Judicial District, New Haven, January Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action for a breach of a written offer or promise to sell certain merchandise to the plaintiff, he must show a valid consideration for such promise, or that he himself made a reciprocal promise to buy before the defendant's offer or promise to sell was withdrawn ; and the mere introduction of such written offer or promise in evidence does not establish either of these requisites.

No necessary legal conclusion can be drawn by this court from the facts found by the trial court, unless those are stated in the record with reasonable certainty. Where the statement of facts found is so interwoven with statements of evidence and of the mental processes of the court, that the ascertainment of the material facts actually found depends on doubtful inferences, this court, having found error, cannot instruct the trial court as to the judgment to be rendered, but must remand the case for a new trial.

Argued January 22d—decided March 4th, 1903.

ACTION to recover damages for breach of contract to sell steel turnings to the plaintiff, brought to the City Court of New Haven and tried to the court, *Bishop, J. ;* facts found and judgment rendered for the plaintiff for $68, and appeal by the defendant for alleged errors in the rulings of the court. *Error, judgment set aside and cause remanded.*

The case is sufficiently stated in the opinion.

*Roger S. Newell,* for the appellant (defendant).

*Benjamin Slade,* for the appellee (plaintiff).

HAMERSLEY, J.   The complaint alleges that on Febru-
ary 28th, 1901, the defendant signed a written agreement, not
under seal, in words and figures as follows :  " We agree to
sell S. A. Alderman our steel turnings for the season of
1901 for $6 per gross ton, at factory."   It does not allege
delivery, except as delivery is implied in execution.   Assum-
ing that delivery is inferentially alleged, then the complaint
alleges that the defendant signed and delivered to the plain-
tiff the writing described.   The court finds this allegation
true :  " The defendant . . . signed and delivered to the
plaintiff and the plaintiff accepted a writing offered in evi-
dence," being the one mentioned in the complaint.   The
complaint then alleges that on two occasions, first in April,
and second in May, 1901, the defendant had in its posses-
sion steel turnings, and the plaintiff at the factory tendered
the price of these turnings and demanded delivery, which
was refused by the defendant, to the damage of the plaintiff.
These demands are stated separately under " first count "
and " second count."

It is evident that these refusals gave the plaintiff no cause
of action against the defendant, unless there was a valid con-
sideration for the promise stated in the writing, or the plain-
tiff agreed on his part to purchase the steel turnings at the
price and place and within the time mentioned, before the
promise to sell should be withdrawn.   No consideration for
the writing and no agreement on the part of the plaintiff is
alleged.   The mere production of the writing in evidence
does not prove either a consideration or a promise to pur-
chase.   It does not appear from the findings of the court
that any consideration was proved, or that any promise on
the part of the plaintiff to purchase was proved, unless proof
must be inferred from the detail of evidential matters of
doubtful import, or is established by proof of the mere sign-
ing, delivery, and acceptance, of the writing.

Upon this state of the pleadings and proof, the defendant
in argument claimed as a matter of law, and asked the court
to rule, " that the writing set forth in the complaint . . .
did not constitute a contract," but was a mere promise, with-

out consideration, to sell, subject to withdrawal by the defendant at any time before the plaintiff had acted upon it by making a reciprocal promise to purchase; and urged that, applying this law to the evidence, it was clear that the offer to sell had been withdrawn before the plaintiff had acted upon it, and no contract of sale had been proved.

The court unqualifiedly overruled this claim of law, refused to rule as requested, and rendered judgment that rests upon a conclusion by the court that a valid contract of sale had been proved.

We think the patent error of the court in respect to the interpretation of the writing must have influenced, if it did not altogether control, its conclusion that a valid contract had been proved, and therefore vitiates the judgment based on this conclusion. For this reason the judgment must be set aside.

The defendant also claims that the only legal conclusion from the subordinate facts as found by the court is, that the plaintiff has failed to prove a valid contract of sale. If this were so, the judgment should be reversed with instructions to the trial court to render judgment for the defendant. This might be a more satisfactory disposition of the case, but the claim of the defendant, while not without plausible support from the record, meets an insuperable difficulty in the peculiarities of the court's findings. In the memorandum filed, specially setting forth the facts on which the judgment is based, as well as in the finding for appeal, the statement of facts found is so interwoven with statements of evidence and of the mental processes of the court, that the ascertainment of all the material facts actually found depends to some extent on doubtful inferences. No necessary legal conclusion from facts found by the court can be affirmed, unless those facts are stated in the record with reasonable certainty.

There is error, the judgment of the City Court is set aside and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.