## The State *vs.* Mary Cummings.

A servant picked up a ring in the house of her mistress, knowing it to have been accidentally dropped by the latter and to belong to her, and when questioned a few minutes afterwards denied having taken it, and having concealed it, within a few weeks carried it to a distant city and offered it for sale. Held, that she had committed the crime of theft at common law.

The common law prevails in the District of Columbia.

One who has committed the crime of theft in another state, and brings the stolen goods into this state, thereby commits the crime of theft in this state.

INFORMATION FOR THEFT. Upon the trial of the case to the jury in the superior court, before *Phelps, J.*, upon the plea of *not guilty*, the state claimed to have proved that the article

State *v.* Cummings.

alleged to have been stolen,—a diamond ring of great value—
was the property of Mrs. Henry O. Hood of the city of Wash-
ington, in the District of Columbia ; that it was lost from her
finger in a wash-tub while she was engaged in washing in the
tub, and missed by her within ten or fifteen minutes after-
wards, during which interval the accused, who was then a
servant in her family, had been washing in the same tub ;
that as soon as the loss of the ring was discovered, the tub
and all its contents were carefully examined without its being
found, upon which the accused was immediately charged with
having stolen it, and in reply to the charge strongly protested
her innocence, offered to be searched, and denied having it in
her possession or knowing in any manner what had become
of it ; that the accused shortly before had seen the ring and
knew its appearance and value ; that she had in fact taken
and concealed it ; and that upon leaving the service of Mrs.
Hood, about three weeks afterward, she brought it to the city
of New Haven in this state, and gave it to her husband to
sell.

The state introduced no evidence of any statute or other
law of the District of Columbia defining or relating to the
crime of larceny.

The counsel for the accused claimed that, in the absence of
such evidence, the jury could not find that she had been
guilty of any crime in that district, and that upon the facts
claimed and proved no larceny had been committed either
there or in this state, and requested the court to charge the
jury upon several points in conformity with these claims.

The court did not so charge, but instructed the jury, among
other things, that the state must show clearly that the pris-
oner took the ring with the intent at the time of taking to
convert it to her own use, and that in cases of lost goods
the intent was usually indicated by knowledge or means of
knowledge of the owner, concealment, sale, or appropriation
of the goods, by contradictory and false statements, &c. ; and
expressed the opinion that in this state a person might be pros-
ecuted and convicted for stealing lost goods, where at the
time of the original finding he intended to convert them to

his own use; and also expressed the opinion that if the jury found such a taking or finding and conversion of the ring by the prisoner, as was claimed by the state, and found the intent by the prisoner to steal the ring at the time of such finding or taking, the offence was complete in the District of Columbia, and that although such finding or taking was in the District of Columbia, if the ring was subsequently and before the filing of the information brought by the prisoner into this state and county and here disposed of as claimed by the state, the facts would constitute the crime of larceny here.

The jury rendered a verdict of guilty, and the prisoner moved for a new trial for error in the charge of the judge.

*Doolittle* and *Johnson*, in support of the motion.

The finder of lost goods can not under any circumstances be prosecuted for larceny at the common law. 2 Russell on Crimes, 11; *Lawrence* v. *The State*, 1 Humph., 228; *Scoville* v. *Canfield*, 14 Johns., 338. Even in the case of *Ransom* v. *The State*, 22 Conn., 159, the court admit that this opinion is generally entertained. But if the accused were guilty of any crime the prosecution must be in the District of Columbia where the ring was lost and found. 1 Arch. Crim. Law, (Waterman's ed.,) 230, 231; 2 Russell on Crimes, 118, 119; *People* v. *Gardner*, 2 Johns., 477; *People* v. *Schenck*, id., 479; *Simmons* v. *Commonwealth*, 5 Binn., 618; *Simpson* v. *The State*, 4 Humph., 456. This principle is recognized in the Constitution of the United States, (Art. IV., sec. 2,) and the remedy there given is the only one proper to be pursued when one comes into this state with the fruits of a crime committed in another jurisdiction. *Commonwealth* v. *Uprichard*, 3 Gray, 434. If a crime was committed by the accused in the city of Washington, it was a statutory not a common law offence. The District of Columbia is governed wholly by United States laws, and the United States have no unwritten criminal code to which resort can be had as a source of jurisdiction. *United States* v. *Hudson*, 7 Cranch, 32; *United States* v. *Coolidge*, 1 Wheat., 415; *United States* v. *Bevans*, 3 id., 336; *United States* v. *Willberger*, 5 id., 76; 2 U. S.

Stat. at large, p. 105 ; 5 id., p. 306.   A statutory larceny can
never be transferred from one state to another.   2 Russell on
Crimes, 118.   In those states in which the common law doc-
trine of crimes has been disregarded in these respects, it has
been done by force of special statutes, except in the case of
Connecticut.   1 Arch. Crim. Law, (Waterman's ed.,) 241 ;
*People* v. *Burke*, 11 Wend., 129.

*Foster*, State Attorney, contra.

Stealing in another state and bringing the stolen property
here constitutes the crime of theft here.   *The State* v. *Ellis*,
3 Conn., 185 ; *Commonwealth* v. *Andrews*, 2 Mass., 14.   By
common law lost goods may be the subject of larceny.   *Ran-
som* v. *The State*, 22 Conn., 153.   The common law existed
in Maryland and Virginia at the time of the creation of the
District of Columbia, and was continued in force over the
territory ceded by each for the district, by an express statute
of the United States, and such changes only as the change of
jurisdiction required.   See Brightley's Dig., 203, 240, 241,
243, note ; *Kendall* v. *United States*, 12 Pet., 524, 619, 651 ;
*United States* v. *Simms*, 1 Cranch, 252 ; *Ex parte Watkins*,
7 Pet., 568.   The larceny in this case being a common law
offence, proof of its being a statutory offence is neither neces-
sary nor proper.   It is not the offence in the District of Co-
lumbia that our courts punish, but the offence in Connecti-
cut in continuing in possession.   *People* v. *Burke*, 11 Wend.,
129 ; *The State* v. *Ellis*, supra.   A new trial will never be
granted but upon substantial grounds, and not where the
court can see that strict justice has been done.   *Lester* v. *The
State*, 11 Conn., 418.

McCURDY, J.   The question in this case respects the cor-
rectness of the charge.

The court instructed the jury that the state must show
clearly that the prisoner took the ring with the intent, at the
time of the taking, to convert it to her own use, and that if
the jury found such a taking or finding and conversion of the
ring by the prisoner as was claimed by the state, and found

the intent by the prisoner to steal the ring at the time of such taking or finding, the offence was complete in the District of Columbia.

What then are the facts as claimed to be proved by the state. They are, that the owner of the ring left it by accident in the tub where she had been washing, that knowing where it was she went for it in ten or fifteen minutes, that in the mean time it had been taken by the prisoner out of the tub, that she knew whose it was and denied the taking of it, and concealed it and brought it to New Haven as her own, and offered it for sale. Under these circumstances it is very apparent that, except for the act of the prisoner, there was no loss of the ring, any more than if the owner had left it on her table for a temporary purpose. Of course if the jury should find these facts, they must find that a theft had been committed at the common law. And there can be no doubt that the common law prevails in the District of Columbia. *Kendall* v. *United States*, 12 Peters, 524, 619, 651 ; *United States* v. *Simms*, 1 Cranch, 252 ; *Ex parte Watkins*, 7 Peters, 568. The charge of the court then on this point was perfectly correct.

But a more serious question is made whether, supposing the ring to have been stolen there, the bringing of it into this state constitutes the crime of theft here.

By the common law as understood in England, if stolen goods are taken into another county from the one in which they are stolen, it is theft in the county into which they are carried. But the law is otherwise when they are taken from one country to another. The position of the states of the Union in relation to each other is a peculiar one. In many respects each is independent of the others and possesses certain attributes of sovereignty. But in many other and very important particulars they form one country and one nation.

Owing to the different views of the analogy arising from these conditions, different opinions have been entertained on the subject now under consideration. In Massachusetts and Connecticut it has been held uniformly, and from an early period, that such carrying into another state is theft. *Com-*

*monwealth* v. *Cullins*, 1 Mass., 116; *Commonwealth* v. *Andrews*, 2 id., 14; 2 Swift's System, 381; *State* v. *Ellis*, 3 Conn., 185. In the last case, C. J. Hosmer says: "On this subject I am incapable of entertaining a doubt. The decisions have been uniform and numerous and the transaction alluded to has ever been considered a theft."

In a recent case in Massachusetts, *Commonwealth* v. *Uprichard*, 3 Gray, 434, 440, the court intimates a doubt of the propriety of the original judgment, but adheres to the principle as the now settled law of the state.

Of the necessity of such a law no question is made. In the words of Judge Sedgwick, it would be intolerable "that a depot for plunder should be here established, and gangs of desperate villains be employed in the neighboring states for its support." The provision for taking the thief back on a requisition to the jurisdiction where the first crime was committed, is entirely inadequate. The only claim is that the legislature and not the courts should provide a remedy for the evil. But the proper result having been accomplished judicially without any mischief, and having been so long acquiesced in without any complaint, the principle must be considered as established beyond the reach of cavil.

We do not advise a new trial.

In this opinion the other judges concurred.