## STATE vs. WILLIAM RAYMOND.

The possession of stolen goods soon after the theft is *primâ facie* evidence that the possessor is the thief, and, if unexplained in some rational manner, is sufficient evidence of guilt to justify a conviction.

The presumption in the case is not one of law for the court, but of fact for the jury, who are to weigh all the circumstances attending the possession.

The possession may be a joint possession by two or more persons; but it is necessary that it be an actual possession on the part of the person charged with the theft.

INFORMATION for theft, in the Superior Court in Fairfield County; tried to the jury on the plea of not guilty before *Loomis, J.* Verdict guilty, and motion for a new trial by the accused. The case is sufficiently stated in the opinion.

*D. B. Lockwood*, in support of the motion.

*J. H. Olmstead*, State's Attorney, and *E. L. Schofield*, contra.

CARPENTER, J. The prisoner was charged with theft. It seems that the evidence against him consisted in part of proof that he and one Clark, who had just been convicted of stealing the same goods, were in the possession of the stolen goods soon after the theft. The counsel for the accused requested the court to charge the jury "that possession of stolen property is not alone sufficient to convict of larceny; that to raise the presumption of guilt from the possession of stolen property, such property must be found in the exclusive possession of the prisoner; and further, that the presumption that he who is found in possession of stolen goods, recently after the theft was committed, is himself the thief, applies only when this possession is of a kind which shows that the stolen goods have come to his possession by his own act, or at all events with his undoubted concurrence; and that presumptions of this kind, which even in the strongest cases are to be warily drawn, want one of the indispensable premises to warrant them, when the possession, from which a guilty taking is

inferred, does not show a taking or privity in taking on the part of the prisoner." The court did not so charge, but charged as follows: "The possession of the stolen goods recently after the commission of the theft is *primâ facie* evidence of guilt, and, if unexplained in some rational manner, it may be taken as sufficient evidence of guilt to justify a conviction. But before you charge the accused with this presumption the jury must first find the fact proved beyond a reasonable doubt, that the accused had such possession recently after the theft was committed."

We see no error in refusing to charge as requested and in charging as above stated. In respect to this presumption Swift, (2 Digest, 432,) says:—"If stolen goods are found in the possession of a person a presumption arises against him that he is the thief, and it throws upon him the necessity of accounting for his having them; if he refuses to give any account, or gives a false account, the presumption grows more and more violent; but if he secretes the goods the presumption becomes almost conclusive; yet if, in any or all of these cases, he can prove that he came by the possession of the goods innocently and lawfully, the presumption is removed."

In 2 Russell on Crimes, 123, the rule is stated as follows: "With regard to the evidence in cases of larceny, it generally consists (unless the prisoner is detected in the fact,) of proof of the felony having been committed, and of the goods stolen having been found shortly afterwards in the possession of the prisoner; and upon such proof the general rule will attach, that whenever the property of one man, which has been taken from him without his knowledge or consent, is found upon another, it is incumbent on that other to prove how he came by it; otherwise the presumption is that he obtained it feloniously. This rule   *   *   *   will probably seldom lead to a wrong conclusion if due attention be paid to the particular circumstances by which such presumption may be weakened or entirely destroyed. Amongst the most prominent of these will be the length of time which elapsed between the loss of the property and the finding of it in the possession of the prisoner; the probability of the prisoner's having been, at the

time of the theft, near the place from which the property was taken; and, more especially, the conduct of the prisoner from first to last, with respect to the property found in his possession and the charge brought against him of having obtained it by stealing."

In *Commonwealth* v. *Millard*, 1 Mass., 6, it is laid down that "in an indictment for shop-breaking and stealing from the shop, proof that part of the goods stolen were found in the possession of the defendant is *primâ facie* evidence that the defendant is guilty of the whole charge in the indictment."

In *State* v. *Weston*, 9 Conn., 527, our own court said:—"It is a well settled rule that the possession of stolen goods is *primâ facie* evidence that the possessor is the thief, and throws on him the necessity of accounting for his possession."

The charge of the court below conformed strictly to these authorities. The counsel for the accused have cited some cases which seem to conflict with them. To some extent there is a discrepancy; but the cases are to a great extent reconciled with the authorities cited when we consider the nature of this presumption. The doctrine of the cases referred to is, that there is no presumption of law arising from the possession of stolen goods. To that doctrine we readily yield our assent. It is not a presumption of law for the court, but a presumption of fact for the jury. It is simply evidence, and may be sufficient to justify a verdict of guilty. That however must depend upon the circumstances. All the authorities we have cited show conclusively that it is regarded as a presumption of fact, and the court below treated it as such, and properly instructed the jury as to the circumstance which would weaken or remove the presumption. The jury were told that if the possession was "unexplained in some rational manner it *might* be taken as sufficient evidence of guilt to justify a conviction." From this the jury must have understood that they *might* convict, not that they *must*, if the evidence in their judgment was sufficient. Of the sufficiency and reasonableness of the explanation offered, if any, they were to be the sole judges.

In addition to this, the court called the attention of the

jury to the conduct and acts of the prisoner while in posses-
sion of the goods as bearing upon the question of guilt, and
told them that those facts should be considered and weighed
in connection with all the other evidence in the case.

The counsel for the accused claimed that the law required
the possession to be exclusive, and that if Clark was a joint
possessor with Raymond it could not be exclusive as to the
latter. Upon this point the court, in its charge to the jury,
quoted from 3 Greenleaf on Evidence, sec. 33, as follows:—
"But to raise the presumption of guilt from the possession of
the fruits or the instruments of crime by the prisoner, it is
necessary that they be found in his exclusive possession."
The court then applied the law to the case as follows:—"The
rule requires the possession to be actual and exclusive in the
person or persons to be affected by it, but it is legally possible
that there should be an actual and joint possession in two
persons, which as to them is exclusive. If, for example, the
jury should find that Clark and Raymond were both actually
found carrying these stolen goods together to the depot, and
at the depot both were participating equally in getting them
checked, and both were actually claiming to own the goods
together, I think the possession would be sufficiently exclusive
to throw upon Raymond, as well as Clark, the presumption of
guilt which would call for some rational explanation. The
term "exclusive" in law is not necessarily limited to one per-
son. But the jury will understand that Raymond can only be
required to account for the possession of the goods which he
actually and knowingly possessed. I must therefore qualify
and correct a remark made in one of the arguments for the
state, that if Clark was found carrying these goods to the
depot, and Raymond was at the same time alongside and
apparently in his company, it is sufficient to charge him with
a joint possession. I think this is not correct, and that it
would not be sufficient under the rule to throw upon Raymond
a presumption of guilt, which, as we have seen, arises only
from an actual possession."

We think the charge upon this point was entirely unexcep-
tionable. It submitted the case to the jury so clearly and

fairly as to fully vindicate itself. Nor do we think that the charge taken as a whole is obnoxious to the objection that the jury were not permitted to weigh and determine the force and efficiency of such possession as an evidence of guilt. On the contrary it seems to us, as we have already said, that the whole case was submitted to the jury as a question of fact, and that they were to determine the force and efficiency of the evidence.

Other points contained in the request of the prisoner's counsel are well enough in a case to which they apply; but the facts and circumstances of this case do not seem to have called for the instruction asked for, and therefore there was no error in refusing to give it.

A new trial is not advised.

In this opinion the other judges concurred, except LOOMIS, J., who did not sit.