STATE OF CONNECTICUT *v.* EDWARD J. DONNELLY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 4th—decided November 1st, 1938.

*John Henry Sheehan,* with whom, on the brief, was *George W. Chisaski,* for the appellant (defendant).

*Spencer S. Hoyt,* with whom was *Abraham S. Ullman,* and, on the brief, *Samuel E. Hoyt,* State's Attorney, for the appellee (plaintiff).

MALTBIE, C. J. The defendant was informed against for the theft of a motor vehicle. No direct evidence was offered that he did in fact steal it, but the evidence dealt entirely with his possession of it as stolen property. In opposing the defendant's appeal from the denial of his motion to set the verdict aside the State argues that he was guilty of the crime of receiving stolen property. Under the charge of theft the defendant could be found guilty if he violated the statute penalizing one who receives and conceals stolen property. *State* v. *Ward,* 49 Conn. 429, 439; *State* v. *Kaplan,* 72 Conn. 635, 640, 45 Atl. 1018; *State* v. *Fox,* 83 Conn. 286, 291, 76 Atl. 302. But the charge of the court clearly indicates that the defendant was tried as one who was guilty of the theft itself and nothing in the record contradicts this. We must then deal with the case upon that basis.

The car was stolen on the evening of January 29th, 1938. The jury might reasonably have found the following facts: The accused, with another man, on January 31st, 1938, took an automobile to a garage owned by the former's grandmother and left it there most of the afternoon behind closed doors, where it was later found by an officer; after leaving the car the defendant and his companion went away from the garage for a short time, returned, stayed a few minutes in the garage, left again, and were arrested when they came back late in the afternoon; tracks in newly fallen snow showed that only one automobile had been in the garage that afternoon; the officer removed the car to another garage and the owner there reclaimed it; a heater, radio, dual horns and a spare tire which had been among its accessories were missing. The defendant did not testify in his defense and his failure in any way to explain his possession of the car under these circumstances was a fact which the jury could

properly consider. *State* v. *Ford,* 109 Conn. 490, 497, 146 Atl. 828. The jury could reasonably have concluded that the defendant, at least jointly with his companion, had the car in his possession and could have reasonably inferred from the facts we have stated and other circumstances in evidence, particularly the defendant's failure to offer any explanation of his possession of the car, that he knew it to have been stolen.

The recent possession of property known to have been stolen raises a presumption that the possessor was guilty of the theft. *State* v. *Weston,* 9 Conn. 527, 529; *State* v. *Raymond,* 46 Conn. 345, 347. This presumption is based upon common experience and inherent probability and therefore exhausts itself when substantial countervailing evidence is produced, leaving the fact of such possession to be considered with the other circumstances proven. *O'Dea* v. *Amodeo,* 118 Conn. 58, 61, 170 Atl. 486; 1 Wharton, Criminal Evidence (11th Ed.) p. 199. Where, however, as in this case, no countervailing evidence is produced, the jury may draw from such possession, considered in connection with all the other evidence in the case, an inference that the defendant is guilty of the theft of the property. *State* v. *Raymond,* supra; Wharton, Op. Cit. In the case before us the trial court could properly refuse to set the verdict aside.

After the State had rested its case in the first instance and the defendant had moved for his discharge, the trial court permitted the State to amend the information, which had originally charged the offense as occurring in New Haven, so that it would state that the crime was committed in the town of West Haven, and also allowed the State to offer further evidence. The defendant claims error on the ground that by these rulings the defendant was subjected to double jeopardy. This claim is not in accordance with our

law.  *State* v. *Lee,* 65 Conn. 265, 30 Atl. 1110; *State* v. *Palko,* 122 Conn. 529, 538, 191 Atl. 320.

There is no error.

In this opinion the other judges concurred.