STATE OF CONNECTICUT *v.* MILTON D. NEWMAN.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 7—decided December 5, 1940.

*Samuel H. Aron*, for the appellant (the defendant).

*Hugh M. Alcorn, Jr.*, with whom was *John P. Hodgson*, assistant state's attorneys, and, on the brief, *Hugh M. Alcorn*, state's attorney, for the appellee (the state).

JENNINGS, J. In his appeal from a conviction of theft and of receiving and concealing stolen goods, knowing them to have been stolen, the defendant claims, in effect, that the facts found do not support this conclusion.

No evidence was printed. The finding discloses the following undisputed facts: The defendant is an attorney at law. He has practiced for fifteen years in Hartford and prior to this occurrence enjoyed a good reputation for truth and veracity. On August 11, 1939, Harold Doyer stole a new Underwood typewriter in transit from the factory to Washington, D. C. It was packed in the original carton and marked with the name of the shipper and consignee. He sold it for $15 to James Apostle, the proprietor of a grill in Hart-

ford. Apostle was acquainted with the defendant both professionally and personally. He called him up and asked him if he could use a typewriter. The defendant thereupon went to the restaurant, saw the apparently new typewriter which was still in the original carton and asked Apostle where he got it. The latter told him that he had paid a truck driver $15 for it. The defendant had reason to believe that the transaction was not legitimate, open and aboveboard. Apostle suggested to the defendant that he would be satisfied if an outstanding bill for legal services of $55 was reduced by $15. The defendant made no reply but took the typewriter to his law office and installed it in place of the one he then had. It remained there, in use and in plain sight, until the fact that it was a stolen machine was ascertained in March, 1940. The defendant made false statements as to the transaction both orally and in writing, before and after this occurrence. Doyer pleaded guilty to theft and Apostle to receiving stolen goods.

As previously stated, the defendant was charged with theft under General Statutes, § 6111, and with receiving stolen goods under § 6116. Since he did not actually steal the typewriter, the state necessarily concedes that he must be brought within the terms of § 6116 if the conviction on either count is to stand. Each element of the offense must be proved beyond a reasonable doubt. "The essential elements of this offense are: 1. The property must have been stolen. 2. It must have been received by the accused with the knowledge that it was stolen. 3. It must have been concealed within the meaning of the law. 4. It must have been received and concealed by the accused with a felonious intent." *State* v. *Alderman,* 83 Conn. 597, 600, 78 Atl. 331. The finding established, indeed it is admitted, that the defendant received a stolen type-

writer. The question remains whether upon the facts found he received it, knowing that it was stolen, with felonious intent.

As to the element of knowledge, the court found as a fact that "At the time he received the typewriter, the defendant did not know Doyer and did not actually know that Doyer had stolen the machine." It then came to the following conclusions on this point:

"It is not certain that the defendant actually knew, in the night of August 11, 1939, that the typewriter had been stolen, but the circumstances were such that a reasonable man, of honest intention, as well as a lawyer of fifteen years experience and in the situation of the accused, would have come to such a conclusion.

"The instantaneous and subsequent false statements made by the defendant to police officers—in the City Court and in the Superior Court—were so contradictory as to induce a conclusion that the defendant was conscious that he was participating in a transaction which was, at least, suspicious and that this consciousness existed in his mind from the night of August 11, 1939, when he took the typewriter from the kitchen in the rear of Apostle's restaurant and that then, and at all times thereafter, the defendant was conscious of his guilt."

The essential fact to be proved by the state was a simple one, to wit, that the defendant knew that he was receiving a stolen typewriter. *State* v. *Weiner,* 84 Conn. 411, 413, 80 Atl. 198. "The jury must find that the accused had actual knowledge at the time he received the cigarettes that they were stolen as distinguished from finding that he negligently failed to ascertain if they were stolen." *State* v. *Day,* 339 Mo. 74, 80, 95 S. W. (2d) 1183, 1185. See also *State* v. *Stathos,* 208 N. C. 456, 181 S. E. 273; *Meath* v. *State,* 174 Wis. 80, 83, 182 N. W. 334; *State* v. *Alpert,* 88 Vt.

191, 204, 92 Atl. 32; *State* v. *Rountree,* 80 S. C. 387, 392, 61 S. E. 1072; 2 Bishop, Criminal Law (9th Ed.) p. 844. The excerpts from the finding do not carry conviction that the court reached this conclusion. If there were any doubt on the point, a reference to the original finding, for which this was substituted, would dispel it. In the original finding the court concluded that: "Upon the whole evidence, and the logical inferences drawn therefrom, it was established beyond a reasonable doubt that the defendant, Milton D. Newman, did on or about the 11th day of August, 1939, receive and conceal one Underwood typewriter of the value of One Hundred Twenty-six (126) Dollars, the property of the Underwood Elliot Fisher Company, knowing the same to have been stolen." The omission of this statement from the substituted finding is significant and conclusive.

It is essential that the conclusions reached by the court should be stated in the finding and the conclusions can only be tested by determining whether they are supported by the subordinate facts. *State* v. *Frost,* 105 Conn. 326, 330, 331, 135 Atl. 446. As shown by the foregoing analysis neither the subordinate facts nor the conclusions sustain the conviction. It is not found that the defendant received the stolen property knowing that it had been stolen. The case was fully tried and carefully considered and nothing indicates that on a new trial any different factual situation would be proved. The state failed to establish facts sufficient to convince the trial court that the defendant knew the typewriter had been stolen. The necessary judgment from the finding and conclusions of the trial court was that the defendant be acquitted. Under such circumstances the proper judgment of this court is one that judgment to that effect be rendered rather than that a new trial be had. *State* v. *Scott,* 80 Conn.

317, 326, 68 Atl. 258; *State* v. *Miller,* 126 Conn. 373, 379, 12 Atl. (2d) 192; *State* v. *Stoddard,* 126 Conn. 623, 634, 13 Atl. (2d) 586; and see, by analogy, the following civil cases: *Coughlin* v. *McElroy,* 72 Conn. 444, 446, 43 Atl. 854; *Alderman* v. *New Departure Bell Co.,* 75 Conn. 519, 521, 54 Atl. 198; *Graham* v. *Southington Bank & Trust Co.,* 99 Conn. 494, 511, 121 Atl. 812; Conn. App. Proc., § 177. In view of this conclusion, it is unnecessary to consider the question of concealment.

There is error, the judgment is set aside and the case remanded with direction to discharge the defendant.

In this opinion MALTBIE, C. J., and AVERY, J., concurred; BROWN and ELLS, Js., concurred in the conclusion that there was error for the reasons stated in the opinion, but dissented from the rescript directing the discharge of the defendant, being of the opinion that a new trial should be ordered.