STATE OF CONNECTICUT *v.* WALTER B. FREDERICKS, JR.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 13—decided December 19, 1961

*Aaron Slitt,* with whom was *Robert B. Eddy,* for the appellant (defendant).

*George D. Stoughton,* assistant state's attorney, with whom, on the brief, were *John D. LaBelle,* state's attorney, and *J. Read Murphy,* assistant state's attorney, for the appellee (state).

SHEA, J. The jury found the defendant guilty on an information charging him with receiving stolen goods in violation of § 53-65 of the General Statutes. He has appealed, claiming error in the denial of his motion to set aside the verdict, in the charge to the jury and in the admission of evidence.

The state offered evidence to prove and claimed to have proved the following facts: On or about October 12, 1959, certain musical instruments, the property of Raymond Perlmutter, who operated a music store in Hartford, were missing from the trunk of an automobile owned by Harvey Goldstein, to whom the instruments had been entrusted for delivery to some school children. At that time, the defendant was the manager of the Main Street Vari-

ety Store in Hartford. On November 5, 1959, the defendant offered a commission to a salesman who visited the store if he could sell some musical instruments. A store employee, acting under the defendant's directions, took from a hall closet in the rear of the store two shopping bags and put them in the rear of the salesman's car. The bags were then taken by the salesman to a store in New Britain, where it was found that they contained two clarinets and a flute. These were left with the storekeeper, who, upon examination of the instruments, discovered Perlmutter's name on one of them. The police were called, and the instruments were identified by Perlmutter as some of his missing property.

The defendant offered evidence to prove and claimed to have proved the following: Melvin Harper, an employee at the variety store, had brought the instruments into the store and at approximately the same time had stolen about $1200 of store money. The defendant complained to the police and Harper was summoned to appear in court on October 30. He failed to appear, though his case was twice continued, and on November 17 the bond posted by him was forfeited. The police have been unable to locate Harper. The defendant thought that the musical instruments belonged to Harper and wanted to sell them to recover some of the money which Harper had stolen. The defendant had, in March, 1955, been convicted of the crime of receiving stolen goods.

In its charge, the court told the jury: "[Y]ou may consider the fact that . . . [the accused] was convicted of receiving stolen goods . . . as one of the circumstances in this case in determining whether or not the accused had any knowledge that these particular instruments had been stolen." The defendant took an exception to this instruction.

To convict a defendant of the crime of receiving stolen goods, it is necessary for the state to prove beyond a reasonable doubt that he had actual knowledge that the goods were stolen when he received them. *State* v. *Pambianchi,* 139 Conn. 543, 546, 95 A.2d 695; *State* v. *Newman,* 127 Conn. 398, 400, 17 A.2d 774. Ordinarily, guilty knowledge can be established only through an inference from other proved facts and circumstances. The inference may be drawn if the circumstances are such that a reasonable man of honest intentions, in the situation of the defendant, would have concluded that the property was stolen. *State* v. *Heno,* 119 Conn. 29, 32, 174 A. 181; *State* v. *Weiner,* 84 Conn. 411, 417, 80 A. 198.

As a general rule, evidence of guilt of other crimes is inadmissible to prove that a defendant is guilty of the crime charged against him. *State* v. *Harris,* 147 Conn. 589, 599, 164 A.2d 399. The rule is subject to certain exceptions. *State* v. *Barnes,* 132 Conn. 370, 372, 44 A.2d 708. In a prosecution for receiving stolen goods, evidence of the previous receipt by the accused of other goods from the same thief, knowing them to be stolen, was admitted to show guilty knowledge. *State* v. *Ward,* 49 Conn. 429, 440. The evidence was admitted for the purpose of showing that the accused knew that he was dealing with a thief. Thus, evidence of other offenses may be relevant to prove guilty knowledge, but the evidence must be so related in time, place and circumstance to the offense charged as to have substantial probative value in the determination of guilt. *People* v. *Formato,* 286 App. Div. 357, 365, 143 N.Y.S.2d 205, aff'd, 309 N.Y. 979, 132 N.E.2d 894; 2 Wigmore, Evidence (3d Ed.) § 324, p. 228. The determinative question is whether the circum-

stances in the particular case form a basis for a sound inference as to the guilty knowledge of the accused in the transaction under inquiry. *United States* v. *Brand,* 79 F.2d 605, 606 (2d Cir.), cert. denied, 296 U.S. 655, 56 S. Ct. 381, 80 L. Ed. 466.

In the present case, the defendant himself testified, on his direct examination, to his previous conviction. His apparent purpose was to volunteer information which could be elicited under cross-examination by the state to attack his credibility. See General Statutes § 52-145; *State* v. *English,* 132 Conn. 573, 580, 46 A.2d 121. Obviously, there was no intention on the part of the defendant or his counsel to assist the state in proving one of the essential elements of the offense charged against him. No evidence was offered of the circumstances involved in the previous offense beyond the fact that it had occurred more than four and one-half years before. The defendant's admission of that conviction, standing alone, furnishes no basis for an inference that the defendant knew that the musical instruments had been stolen. The evidence, therefore, falls within the general rule that conviction of one crime cannot be shown in evidence to establish guilt of another crime. The court erred when it told the jury that they could consider the previous offense in determining whether the defendant had knowledge that the musical instruments had been stolen. The instruction could have had an important influence on the jury's consideration. The error was therefore prejudicial to the defendant.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.