STATE OF CONNECTICUT *v.* PETER F. PALKIMAS, JR.

STATE OF CONNECTICUT *v.* JOHN R. MOORE

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, JS.

Argued February 1—decided April 13, 1966

*Bernard Green,* for the appellant (defendant Palkimas).

*Louis J. Iacovo,* for the appellant (defendant Moore).

*John F. McGowan,* assistant state's attorney, with whom, on the brief, were *Otto J. Saur,* state's attorney, and *Joseph T. Gormley, Jr.,* and *Donald A. Browne,* assistant state's attorneys, for the appellee (state).

KING, C. J. Each of the two defendants was charged in a single count with receiving stolen goods of a value in excess of $250 but less than $2000 in violation of § 53-65 of the General Statutes, quoted in the footnote.[1]

The cases were tried together to the court, and each defendant was found guilty. The sole ground of appeal is that the evidence was insufficient to support the court's conclusion of guilt. Thus, the only question is whether, on the evidence, the court could properly conclude that the state had proven guilt beyond a reasonable doubt.

There was ample evidence that the two defendants, Peter F. Palkimas, Jr., and John R. Moore, together with Ronald Berube, were in Newport, Rhode Island, over the weekend of July 4, 1964; that they went from their homes in Stamford, Connecticut, to Newport, and returned to Stamford, in Berube's car; that the car was seen by a Newport policeman loaded with television sets just before it left Newport about two o'clock in the morning of July 6; and that sets stolen from Jack and Harry's Home and Auto Stores, Inc., hereinafter referred

---

[1] "Sec. 53-65. RECEIVING STOLEN GOODS. Any person who receives and conceals any stolen goods or articles, knowing them to be stolen, shall be prosecuted and punished as a principal, although the person who committed the theft is not convicted thereof."

to as the store, in Newport, were found two or three days later in Stamford. One such set was found by the police in the trunk of Berube's car and two others, which the state claimed these two defendants had received, were found in the cellar of Moore's house. Palkimas admitted to the police that he had assisted in placing television sets in the cellar of Moore's home. Neither defendant offered any evidence in explanation of his connection with this recently stolen property.[2]

Since the state saw fit to charge under the receiving statute only, it cannot convict unless it proves the essential elements of that crime. These essential elements differ somewhat from the essential elements in larceny and are well summarized and explained in *State* v. *Pambianchi,* 139 Conn. 543, 546, 95 A.2d 695, as follows: (1) The property must have been stolen. (2) It must have been received by the accused with the knowledge that it was stolen. (3) It must have been concealed within the meaning of the law. (4) It must have been received and concealed by the accused with a felonious intent, that is, a criminal intent to deprive the true owner of his property. To the same effect is *State* v. *Alderman,* 83 Conn. 597, 600, 78 A. 331.

Under the rule of cases such as *State* v. *Weston,* 9 Conn. 527, 529, *State* v. *Raymond,* 46 Conn. 345, 346, and *State* v. *Donnelly,* 124 Conn. 661, 663, 2 A.2d 214, the possession of property recently stolen, if unexplained and standing alone or without other facts pointing to a contrary conclusion, will justify the trier in drawing an inference that the possessor stole the property, and the inference may

---

[2] Of course the explanatory evidence may come either from the accused if he chooses to take the stand or from any other competent witness or witnesses.

be sufficiently strong to warrant a conviction of a charge of theft. *State* v. *Donnelly,* supra. But it is important to note that the inference is one of fact and may, but need not, be drawn by the trier. *State* v. *Raymond,* supra, 347; *State* v. *Donnelly,* supra; 1 Wharton, Criminal Evidence (12th Ed.) § 135; 2 Swift, Digest, p. 315. The soundness of the inference to be drawn involves the probative value of the circumstantial evidence. *People* v. *Galbo,* 218 N.Y. 283, 291, 112 N.E. 1041. The probative tendency and force of such circumstantial evidence depends upon its nature and relation to the other evidence in the case. It may justify an inference of theft, or of receipt of stolen goods, largely depending on the other facts and circumstances. It is really a question of logic rather than a question of law. This is true even though, if there are no surrounding circumstances pointing otherwise, the circumstantial evidence tends to point to the commission of the crime of theft. *State* v. *Donnelly,* supra.

"Possession of recently stolen property puts the burden of explanation upon one charged with having stolen it. . . . And the same principle applies to one charged with having received property, knowing it to have been stolen." *Commonwealth* v. *Kelley,* 333 Mass. 191, 193, 129 N.E.2d 900. In other words, the circumstantial evidence of possession of recently stolen property raises a permissible inference of criminal connection with the property, and if no explanation is forthcoming, the inference of criminal connection may be as a principal in the theft, or as a receiver under the receiving statute, depending upon the other facts and circumstances which may be proven. See *State* v. *Weston,* supra; *State* v. *Raymond,* supra; *State* v. *Fredericks,* 149 Conn. 121, 125, 176 A.2d 581; *Commonwealth* v.

*Ross,* 339 Mass. 428, 431, 159 N.E.2d 330; *Regina* v. *Langmead,* 9 Cox Crim. Cas. 464, 468. And of course the circumstantial evidence may be found by the trier not to be strong enough to warrant a conviction under either charge. *State* v. *Raymond,* supra; *People* v. *Galbo,* supra; see also *State* v. *Fredericks,* supra, 124.

Our receiving statute is not of the common type. It contains no penalty and, in a sense, is accessorial in its inherent nature. *State* v. *Weston,* supra. One convicted under it is punished as if he were the principal thief of the goods which he received, and his punishment is determined under our larceny statutes, in this case under § 53-63 of the General Statutes. *State* v. *Kaplan,* 72 Conn. 635, 639, 45 A. 1018. One convicted as a principal thief, whether directly, or indirectly through proof of guilt under our receiving statute, cannot subsequently be prosecuted for the same theft either as a principal or as a recipient of fruits of the theft under the receiving statute. *State* v. *Fox,* 83 Conn. 286, 291, 76 A. 302. Thus there can be no double jeopardy or successive convictions. See, for instance, cases such as *Milanovich* v. *United States,* 365 U.S. 551, 553, 81 S. Ct. 728, 5 L. Ed. 2d 773.

That the possession of the recently stolen property by these two defendants, which was wholly unexplained, strongly pointed to their criminal connection with the property is not open to question. But they were charged only as receivers and must be convicted, if at all, as receivers. Thus the question is whether the circumstantial evidence, considered in connection with all the other evidence, tended to point to the defendants' guilt under the receiving statute and, if so, whether the evidence was strong enough to warrant their conviction

under that statute. *State* v. *Raymond,* 46 Conn. 345, 346; *People* v. *Galbo,* 218 N.Y. 283, 291, 112 N.E. 1041; 1 Wigmore, Evidence (3d Ed.) §§ 152-55.

As previously noted, there was evidence that both defendants had gone to Newport in Berube's car; that two or three days later they had returned to Stamford in that car; that the car had been seen late at night locked up and filled with television sets in a motel parking lot in Newport; that it left the parking lot in the night; and that the two television sets found in the cellar of Moore's home in Stamford, which were part of a number of sets which Palkimas had participated in placing there, as well as the set found in the trunk of Berube's car, had each been stolen from the Newport store. All this evidence, under the rule of *State* v. *Donnelly,* 124 Conn. 661, 663, 2 A.2d 214, is circumstantial evidence tending to prove that the two defendants were actual participants in the theft in Newport, either as principals or as accessories under § 54-196, our general accessory statute, which, if they aided or abetted in the theft, would make them principals. We find no facts, nor has the state pointed to any, indicative of their guilt as receivers rather than as participants in the actual theft. It is the settled rule that one cannot be both a principal thief and a receiver of the same goods. 2 Wharton, Criminal Law and Procedure (Anderson Ed.) § 576; note, 136 A.L.R. 1087, 1088. Under these circumstances, the conclusion of the court that the defendants were proven guilty beyond a reasonable doubt of receiving, which was the only charge in the information, cannot be supported.

Theft, as well as receiving stolen property, is a transitory crime for which the defendants could be prosecuted in this state even though the actual theft

or receiving occurred in Rhode Island. *State* v. *Cummings,* 33 Conn. 260, 264; *State* v. *Pambianchi,* 139 Conn. 543, 547, 95 A.2d 695. Had the state followed the usual course and charged the defendants with theft, they could have been convicted on proof that they either were principal thieves or were receivers under the receiving statute, and evidence of guilt in each capacity could have been offered. *State* v. *Weston,* 9 Conn. 527, 529; *State* v. *Ward,* 49 Conn. 429, 438; *State* v. *Fox,* 83 Conn. 286, 291, 76 A. 302; *State* v. *Weiner,* 84 Conn. 411, 412, 418, 80 A. 198. This is possible only because proof of guilt under the receiving statute is proof of guilt as a principal thief of the goods received. *State* v. *Kaplan,* 72 Conn. 635, 639, 45 A. 1018. The statute expressly authorizes prosecution of a receiver as a principal in the theft.

Especially where the state charges theft, as authorized by our receiving statute, it is possible to avoid most, if not all, of the confusion and fine-spun distinctions and technicalities encountered in the application of generally similar statutes which make the receiving of stolen goods a crime wholly separate and distinct from that of theft of the goods received, or which make the receiver an accessory after the fact to the theft rather than a principal in its perpetration. *State* v. *Ward,* supra, 439; *State* v. *Kaplan,* supra (summarizing the evolution of our receiving statute). See the collection of cases involving receiving statutes of various jurisdictions in an annotation in 136 A.L.R. 1087.

An information in two counts, one charging theft and the other, receiving under the statute, seems to have been used in only one case, *State* v. *Newman,* 127 Conn. 398, 399, 17 A.2d 774. See also cases such as *Commonwealth* v. *Kelley,* 333 Mass. 191, 129

N.E.2d 900, and *Commonwealth* v. *Ross,* 339 Mass. 428, 159 N.E.2d 330.

Here, the state chose, for reasons not apparent, to use a single charge of receiving instead of charging theft and prosecuting for theft as authorized by the receiving statute. This course seems to have been followed in only two other cases, *State* v. *Pambianchi,* 139 Conn. 543, 95 A.2d 695, and *State* v. *Fredericks,* 149 Conn. 121, 122, 176 A.2d 581. The effect of the state's choice was to limit it to proof of guilt under the receiving statute.

For the reasons already pointed out, we cannot find justification in the evidence for the court's conclusion of the defendants' guilt as receivers. The evidence pointed at least as strongly to an actual personal participation in the theft on the part of each defendant. This accorded with the factual presumption applicable where, as here, there is nothing pointing to guilt as receivers rather than as principal thieves. *State* v. *Donnelly,* supra. That the state may well have offered evidence sufficient to warrant a conviction under a charge of theft is immaterial since the defendants were not tried under that charge.

There is error in each case, the judgment in each case is set aside and each case is remanded with direction to render judgment that the defendant is not guilty.

In this opinion MURPHY and SHANNON, Js., concurred.

ALCORN, J., with whom HOUSE, J., concurs (dissenting). The majority correctly holds that "the possession of property recently stolen, if unexplained and standing alone or without other facts pointing to a contrary conclusion, will justify the

trier in drawing the inference that the possessor stole the property"; that "the inference is one of fact"; that "[t]he soundness of the inference to be drawn involves the probative value of circumstantial evidence"; and that "the probative tendency and force" of such evidence "may justify an inference of theft, or of receipt of stolen goods, largely depending on the other facts and circumstances." Without indulging in a complete recital of the evidence here, I am satisfied that, in each of these cases, the trial court, applying those principles, could, as it did, properly conclude that the state proved beyond a reasonable doubt the essential elements of the crime of receiving stolen goods as those elements are summarized and explained in *State* v. *Pambianchi,* 139 Conn. 543, 546, 95 A.2d 695. The conclusion of the trial court is not unreasonable or illogical or contrary to or inconsistent with the relevant facts, and consequently this court should not intervene to substitute its judgment on the evidence for the conclusion reached by the trier. *Arvee Construction Co.* v. *Ardolino,* 144 Conn. 7, 12, 127 A.2d 39; *State* v. *Malm,* 142 Conn. 113, 115, 111 A.2d 685; *State* v. *Simborski,* 120 Conn. 624, 626, 182 A. 221.

I find no error in either case.