STATE OF CONNECTICUT *v.* JOSEPH KAS

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued March 5—decision released May 25, 1976

*John M. Byrne,* assistant public defender, with whom, on the brief, was *James D. Cosgrove,* chief public defender, for the appellant (defendant).

*Richard F. Banbury,* chief assistant state's attorney, with whom, on the brief, was *George D. Stoughton,* state's attorney, for the appellee (state).

BOGDANSKI, J. A jury found the defendant, Joseph Kas, guilty of the crime of larceny in the first degree in violation of § 53a-122 of the General Statutes. He has appealed from the judgment rendered, assigning error in the trial court's admission of certain evidence, in the charge, in the denial of his motion to dismiss the information, in the denial of his motion for a directed verdict, and in the denial of his motion to set aside the verdict.

There is no dispute in the basic facts: On August 16, 1974, at about 2:15 a.m., Henry E. Burt, Jr., a security officer at the Howard Johnson's Motor Lodge in Windsor Locks, noticed a white Volkswagen van with New York license plates in the motel parking lot. At about 5 a.m., Burt observed that the van had been moved within the parking lot. He then approached the vehicle and, using his

flashlight, looked inside. He saw bedspreads, which he recognized as coming from the motel, covering rectangular objects with sharp corners which he believed were television sets. He then went to the motel office and instructed the desk clerk to summon the Windsor Locks police. When he returned to the parking lot, the Volkswagen was gone.

Responding to a radio dispatch, State Trooper William C. Fredericksen stopped the van at about 5:15 a.m. near the Hartford-Wethersfield town line. Kas was riding as a passenger in the front seat of the van, which was being operated by one Walter Schoenbneelt. Another trooper arrived on the scene, and Fredericksen asked him to check the interior of the van to ascertain whether any other persons were inside. The trooper found bed linens and television sets inside the van. The van was towed to the Windsor Locks police station, where it was found to contain eleven television sets and eleven bed linens which had been stolen from eleven rooms at the Howard Johnson's Motor Lodge. Each television set weighed approximately fifty pounds. Trooper Fredericksen testified that a curtain located behind the front seats of the van blocked the occupants' views of the interior of the van where the stolen merchandise was found.[1]

After the state had rested its case, Kas moved for a directed verdict, claiming that the state failed to produce any evidence from which the jury could have reasonably found that he had stolen the television sets and linens. He later moved to set the verdict aside on that same ground. The sole issue

---

[1] Kas and Schoenbneelt were tried together. Both were convicted of larceny, and both have appealed to this court. The merits of their appeals are treated in separate opinions.

presented on this appeal is whether there was sufficient evidence to justify the jury in finding, beyond a reasonable doubt, that Kas was guilty of larceny.

"A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner." General Statutes § 53a-119. The state did not offer any direct evidence that Kas had stolen the subject property or that he had been at the scene of the theft. Instead, it relied upon the legal principle, as charged by the court to the jury, that "possession of property recently stolen, if unexplained and standing alone or without other facts pointing to a contrary conclusion, will justify the trier in drawing an inference that the possessor stole the property." *State* v. *Palkimas,* 153 Conn. 555, 558, 219 A.2d 220; see *State* v. *Raffone,* 161 Conn. 117, 126, 285 A.2d 323; *State* v. *Donnelly,* 124 Conn. 661, 2 A.2d 214; *State* v. *Raymond,* 46 Conn. 345, 346.

The defendant contends that the state failed to produce any evidence from which the jury could have reasonably found that he was in possession of the stolen property and that there was, therefore, no basis in the evidence to justify an inference of guilt.

In criminal law, the word "possession" generally denotes " 'an intentional control of a designated thing accompanied by knowledge of its character.' [Citation omitted.]" *State* v. *Harris,* 159 Conn. 521, 531, 271 A.2d 74, cert. dismissed, 400 U.S. 1019, 91 S. Ct. 578, 27 L. Ed. 2d 630; see Webster, Third New International Dictionary. Mere presence in the vicinity of stolen property does not establish posses-

sion. See *State* v. *Castagna,* 170 Conn. 80, 93, 364 A.2d 200; *State* v. *Watson,* 165 Conn. 577, 596, 345 A.2d 532; see also *United States* v. *Romano,* 382 U.S. 136, 141–42, 86 S. Ct. 279, 15 L. Ed. 2d 210; cf. *State* v. *Raffone,* supra, 125. The mere showing of the presence of a passenger in a motor vehicle containing stolen goods, without more, is not sufficient to establish that the stolen goods are in possession of the passenger so as to warrant an inference of guilt. Note, 51 A.L.R.3d 727, 798; see, e.g., *United States* v. *Mallory,* 460 F.2d 243 (10th Cir.), cert. denied, 409 U.S. 870, 93 S. Ct. 197, 34 L. Ed. 2d 120; *State* v. *Andrade,* 83 Ariz. 356, 321 P.2d 1021; *Crawley* v. *State,* 235 A.2d 282 (Del.); *People* v. *Bullion,* 299 Ill. 208, 132 N.E. 577; *State* v. *Mosher,* 270 A.2d 451 (Me.); *State* v. *Schleicher,* 438 S.W.2d 258 (Mo.).

In this case, the only evidence offered concerning Kas was that he was riding as a passenger in the front seat of a van operated by someone else; that a curtain in the van blocked the view to the interior to anyone sitting in the front seat; and that when the van was searched, certain articles of property were found inside which were later established to have been taken from the Howard Johnson's Motor Lodge in Windsor Locks. There was no evidence that, prior to his arrest, Kas ever saw the property, or that he knew it was in the van, or that he had any control over it. Moreover, there was no showing of any connection between Schoenbneelt, the driver of the van, and Kas, other than the fact that Kas was a passenger in the van.

The state claims that it showed more than the mere presence of Kas in the van. It contends that the size, weight and quantity of the stolen television sets, when considered with the brief interval between

the time the van left the motel and the time it was stopped, could give rise to the inference that two men removed and loaded the television sets, and that Kas was one of those men.

That argument lacks persuasion. It is no more inherently probable that two men rather than one stole eleven portable television sets and loaded them into a van. Neither the weight or quantity of the television sets, nor the short interval between the time that the van left the motel and the time of arrest, furnish any reasonable basis for an inference that Kas knew of the presence of the television sets in the van or that he exercised any control over them. In view of the absence of any evidence from which the jury could have reasonably found that Kas was in possession of the stolen goods, we are constrained to conclude that the verdict should have been directed as requested.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and to order that he be discharged.

In this opinion the other judges concurred.