IN RE ADALBERTO S.*
(10265)

DUPONT, C. J., FOTI and FREEDMAN, Js.

[9] The frontage on lot 115 would become seventy feet and the total area would become 7700 square feet.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued January 6—decision released March 10, 1992

*Jon L. Schoenhorn,* with whom, on the brief, was *Patricia J. Sloan,* for the appellant (respondent).

*Bruce A. Tonkonow,* state's advocate, for the appellee (petitioner).

FOTI, J. After a trial by the court, the respondent was adjudicated delinquent on two counts: (1) interfering with a police officer in violation of General Statutes § 53a-167a; and (2) use of a motor vehicle without the owner's permission in violation of General Statutes § 53a-119b. The respondent appeals from the adjudication of delinquency, claiming (1) his seizure and detention violated his state and federal constitutional rights, (2) the arresting officer did not have probable cause to arrest him, (3) there was insufficient evidence to find him guilty beyond a reasonable doubt

of using a motor vehicle without the owner's permission, (4) there was insufficient evidence to find him guilty beyond a reasonable doubt of interfering with an officer, and (5) the court improperly restricted the respondent from presenting evidence rebutting the charge of interfering with a police officer. We agree with the respondent's third and fifth claims.

At trial, the respondent stipulated that he did not have the owner's permission to use the car. The state's entire case-in-chief consisted of the testimony of a Hartford police officer, Achilles Rethis. The court could have reasonably found the following facts. On February 6, 1991, at 10 a.m., Rethis was dispatched to investigate a report of a suspicious vehicle parked at 71 Warrenton Avenue in Hartford. When he arrived at that address, he observed a late model Buick Park Avenue parked in the driveway with the engine running. The vehicle's four occupants appeared to the officer to be very young. Moments after Rethis arrived, the occupants exited the vehicle and ran away. The respondent exited the vehicle from the back seat on the right side. Rethis then exited his vehicle, yelled, "Police; stop." The officer radioed for assistance and pursued the respondent; several other officers joined the pursuit. Rethis testified that as he chased the respondent, the respondent jumped over some bushes and landed in soft mud; he was scratched by the bushes. Four officers other than Rethis apprehended the respondent. Rethis observed the respondent struggling with the officers as they attempted to handcuff him. Rethis testified that as the other officers tried to restrain the respondent, he was "struggling, fighting, and trying to wrestle free from them."

After the respondent was arrested, Rethis returned to the vehicle and discovered that the steering column had been broken and chipped on the left side. He also noticed that although the engine was running, there

was no key in the ignition and the ignition was in the locked position. The officer recovered a screwdriver on the ground a short distance from the vehicle.

I

We first address the respondent's claim that there was insufficient evidence to justify the trial court's finding that the respondent was guilty beyond a reasonable doubt of use of a motor vehicle without permission of the owner in violation of General Statutes § 53a-119b (a). The appellate standard of review of sufficiency of the evidence claims is well established. "Whether we review the findings of the trial court or the verdict of a jury, our underlying task is the same. . . . We first review the evidence presented at trial, construing it in the light most favorable to sustaining the facts expressly found by the trial court or impliedly found by the jury. We then decide whether, upon the facts thus established and the inferences reasonably drawn therefrom, the trial court or the jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt." (Citations omitted). *State v. Jarrett,* 218 Conn. 766, 770–71, 591 A.2d 1225 (1991).

"A person is guilty of using a motor vehicle without the owner's permission when . . . [h]e operates or uses, or causes to be operated or used, any motor vehicle unless he has the consent of the owner . . . ." General Statutes § 53a-119b (a). " 'It is axiomatic that the state's burden of proof beyond a reasonable doubt applies to each and every element comprising the offense charged.' " *State v. Williams,* 220 Conn. 385, 398, 599 A.2d 1053 (1991). In this case, the respondent stipulated to the fact that he did not have the owner's permission to use the vehicle. Despite this stipulation, the burden rested with the state to prove that no other

occupant of the car had the owner's permission to use the car, and that the defendant knew that such permission was lacking. Clearly, a passenger in a car has not violated § 53a-119b (a) merely because he does not have the owner's permission to be in the car. "A passenger may be completely unaware that the vehicle in which he or she is riding is stolen or is being used without the owner's consent. Motor vehicles are part of our every day life. It is commonplace to accept a ride from a friend or acquaintance. We cannot conceive that the Legislature intended that an innocent passenger has committed a criminal offense by mere presence in a vehicle which later is shown to be stolen or taken without the owner's consent." *State in Interest of N.L.*, 69 N.J. 342, 346, 354 A.2d 286 (1976).

The state asserts that it met its burden of proving this element by presenting evidence from which the trial court could infer that the respondent knew or reasonably should have known that the car was being used without the owner's permission. We do not agree. "Ordinarily, guilty knowledge can be established only through an inference from other proved facts and circumstances. The inference may be drawn if the circumstances are such that a reasonable man of honest intentions, in the situation of the defendant, would have concluded that the property was stolen." *State* v. *Fredericks*, 149 Conn. 121, 124, 176 A.2d 581 (1961); *State* v. *Hobson*, 8 Conn. App. 13, 25, 511 A.2d 348 (1986). Mere proximity to criminal activity is not sufficient to establish knowledge, however. See *State* v. *Alfonso*, 195 Conn. 624, 633, 490 A.2d 75 (1985); *State* v. *Kas*, 171 Conn. 127, 131–32, 368 A.2d 196 (1976).

In this case, the respondent was seated in the rear of the vehicle on the right side. The steering column was damaged on its left side. Thus, the respondent did not necessarily have an opportunity to view the damage to the steering column from his seat in the car. The

state offered no evidence that the respondent observed the damage to the steering column or that he was aware of the absence of a key in the ignition. Furthermore, the screwdriver allegedly used to tamper with the ignition was recovered a short distance from the car. Thus, the respondent may not have known of its existence, or have seen it being used to tamper with the car. The state points to the respondent's flight as evidence of his consciousness of guilt. Although evidence of unexplained flight, when considered together with all of the facts of the case, may justify an inference of guilt, it does not create a presumption of guilt. *State* v. *Piskorski,* 177 Conn. 677, 722–23, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d (1979); *State* v. *Reid,* 22 Conn. App. 321, 328, 577 A.2d 1073, cert. denied, 216 Conn. 828, 582 A.2d 207 (1990). "[T]he probative value of evidence of flight is, in large part, dependent upon facts pointing to the motive which prompted it." *State* v. *Piskorski,* supra, 723. In this case, the state did not offer any evidence to connect the respondent's flight to consciousness of guilt on this particular offense. The respondent could have fled for any number of reasons.

"A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it tends to support, and is consistent with the defendant's guilt and inconsistent with any other rational conclusion." *State* v. *Morrill,* 193 Conn. 602, 610, 478 A.2d 994 (1984); *State* v. *Salz,* 26 Conn. App. 448, 460, 602 A.2d 594 (1992). "Proof of guilt must exclude every reasonable supposition of innocence." *State* v. *Englehart,* 158 Conn. 117, 121, 256 A.2d 231 (1969); *State* v. *Salz,* supra. Although the court may draw reasonable, logical inferences from the facts proven, it may not resort to speculation or conjecture. *State* v. *Saracino,* 178 Conn. 416, 419, 423 A.2d 102

(1979). After reviewing the evidence in the light most favorable to sustaining the trial court's judgment; *State* v. *Owens,* 25 Conn. App. 181, 192, 594 A.2d 991, cert. denied, 220 Conn. 910, 597 A.2d 337 (1991); we conclude that all of the facts, even when considered together, were insufficient to justify a conclusion that the respondent knew the car was being used without the owner's permission. The state's failure to prove that none of the occupants had the owner's permission to use the car and that the respondent knew that this was the case, precludes a finding that the respondent was guilty beyond a reasonable doubt of use of a motor vehicle without the owner's permission in violation of General Statutes § 53a-119b.

## II

We next address the respondent's claim that the state failed to produce sufficient evidence to prove beyond a reasonable doubt that he interfered with a police officer in violation of General Statutes § 53a-167a. The respondent argues that the evidence was insufficient because the state failed to establish that he was assaultive, that his efforts were directed at the officers, or that he intended to interfere with the officers' duties. He asserts that evidence that he fled and then struggled with the arresting officers is not enough to establish that he interfered with the police in the performance of their duties. We do not agree.

A person is guilty of interfering with an officer when he obstructs, resists, hinders or endangers a police officer in the performance of his duties. General Statutes § 53a-167a. Intent is a necessary element of this offense. *State* v. *Pagano,* 23 Conn. App. 447, 449–50 n.1, 581 A.2d 1058, cert. denied, 217 Conn. 802, 583 A.2d 132 (1990); *State* v. *Flynn,* 14 Conn. App. 10, 18, 539 A.2d 1005, cert. denied, 488 U.S. 891, 109 S. Ct. 226, 102 L. Ed. 2d 217 (1988). Section 53a-167a is broad in scope;

*State* v. *Beckenbach,* 1 Conn. App. 669, 679, 476 A.2d 591 (1984); and encompasses acts of physical resistance. *State* v. *Williams,* 205 Conn. 456, 471, 534 A.2d 230 (1987). In enacting § 53a-167a, the legislature sought to prohibit behavior that hampers the activities of the police in the performance of their duties. *State* v. *Beckenbach,* supra. The statute's purpose is to ensure orderly compliance with the police during the performance of their duties; any act intended to thwart this purpose violates the statute. Id.

In this case, Rethis testified that when the respondent was apprehended after a foot chase, he struggled, fought and tried to wrestle free from the officers who were attempting to handcuff him. By physically resisting the officers, the respondent obstructed them in achieving their objective, which was to handcuff him and take him into custody. Although his actions may have been limited to fleeing and struggling, they nonetheless constituted physical resistance. Thus, we conclude that the trial court could have reasonably found that the evidence presented at trial was sufficient to establish the respondent's guilt beyond a reasonable doubt.

### III

Although the evidence was sufficient to support a finding of guilt, we must address whether the respondent was improperly denied the right to present a defense. The respondent claims that the trial court improperly restricted him from presenting evidence of an alleged beating he sustained at the hands of the police when they apprehended him. According to the respondent, the purpose of this evidence was to raise the defense of justification to the charge of interfering with a police officer. He claims that his struggling was merely an attempt to ward off an assault by the officers. The evidence proffered by the respondent con-

sisted of a medical report, photographs, and the testimony of an investigator for the public defender's office, all relating to the respondent's physical condition after his arrest. The court admitted the medical report for the sole purposes of impeachment and credibility, and excluded the rest of the evidence on the basis of relevancy. The respondent claims that the trial court's refusal to admit this evidence deprived him of his right to present a defense. We agree with the respondent.

At the outset, we note that we will set aside a trial court's evidentiary ruling only where there has been a clear abuse of discretion. *State* v. *Fritz,* 204 Conn. 156, 167–68, 527 A.2d 1157 (1987). "To the extent that evidence offered in defense is relevant and mitigates a crime charged, it should not be excluded from the factfinder." *State* v. *Duhan,* 38 Conn. Sup. 665, 671–72, 460 A.2d 496 (1982). When defense evidence is excluded on evidentiary grounds, such exclusion may give rise to a claim of denial of the right to present a defense. *Chambers* v. *Mississippi,* 410 U.S. 284, 289–90, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). A defendant is bound by the rules of evidence in presenting a defense, however. *State* v. *Kelly,* 208 Conn. 365, 375–76, 545 A.2d 1048 (1988); *State* v. *Watson,* 26 Conn. App. 151, 156, 599 A.2d 385 (1991), cert. denied, 221 Conn. 907, 600 A.2d 1362 (1992). If the proffered evidence is not relevant, it is properly excluded. *State* v. *Kelly,* supra, 376. It is well established that, "[e]vidence is relevant if it has a tendency to establish the existence of material facts . . . ." *Jacobs* v. *Thomas,* 26 Conn. App. 305, 316, 600 A.2d 1378 (1991). "Evidence is not rendered inadmissible simply because it is not conclusive. It is admissible if it tends to support a relevant fact even in a slight degree . . . ." *State* v. *Morrill,* 197 Conn. 507, 548, 498 A.2d 76 (1985).

In this case, evidence of an alleged beating at the hands of the arresting officers is clearly relevant to

rebut the charge of interfering with a police officer. The evidence, if admitted and found credible by the trial court, would have supported the respondent's contention that he struggled with the officers in an attempt to ward off an assault. It also would have negated an intent to interfere with the officers on the part of the respondent. The state correctly asserts that a person is not justified in resisting arrest by a police officer even if the arrest is unlawful. General Statutes § 53a-23. This rule, however, is not ironclad. See *State* v. *Gallagher,* 191 Conn. 433, 442, 465 A.2d 323 (1983). For example, an unlawful warrantless intrusion into the home creates a privilege to resist arrest. See id. The use of reasonable physical force to defend oneself against an assault by an arresting officer may also be justified. See General Statutes § 53a-19.

In order for a defendant to be found guilty of interfering with a police officer in violation of General Statutes § 53a-167a, the police officer must be acting in the performance of his duties. *State* v. *Biller,* 5 Conn. App. 616, 620, 501 A.2d 1218 (1985), cert. denied, 199 Conn. 803, 506 A.2d 146, cert. denied, 478 U.S. 1005, 106 S. Ct. 3296, 92 L. Ed. 2d 711 (1986). In other words, the officer must be " 'acting under a good faith belief that he is carrying out [his] duty, and . . . his actions are reasonably designed to that end . . . .' " Id. Although the legality of a police officer's conduct is not an element of the crime of interfering with a police officer, police misconduct is relevant to a determination of whether a person violated § 53a-167a. Id.; *State* v. *Privitera,* 1 Conn. App. 709, 722, 476 A.2d 605 (1984). Whether a police officer was in fact acting in good faith in the performance of his duties is a question for the factfinder, in this case the trial court. *State* v. *Privitera,* supra. We conclude that the trial court improperly excluded as irrelevant the proffered evidence of an

alleged beating. The trial court should have admitted the evidence in order to determine whether the respondent was justified in resisting the police officers.

Finally, we have reviewed the record and the parties' briefs regarding the constitutionality of the respondent's seizure and detention and the existence of probable cause to arrest; we find the respondent's claims on these issues to be without merit.

The judgment is reversed and the case is remanded with direction to adjudicate the respondent not guilty of the crime of using a motor vehicle without the owner's permission, and for a new trial on the charge of interfering with a police officer.

In this opinion the other judges concurred.