[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition requesting habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a jury trial, of sexual assault first degree, in violation of General Statutes § 53a-70, for which the petitioner received a sentence of twenty years incarceration. This judgment was affirmed on direct appeal, State v. Watson, 26 Conn. App. 151
(1991).
The petitioner claims his confinement is unlawful because his trial counsel, Attorney Steven Walsh, rendered ineffective assistance at the petitioner's criminal trial by failing to "protect" the petitioner from pretrial cross-examination by the prosecution; by failing to present the testimony of Rozzda Eggleston; and by failing to object to certain comments made by the prosecutor during closing argument.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there CT Page 2192 exists a reasonable probability that, but for counsel's; deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
 I
Concerning the petitioner's first claim of ineffectiveness, i.e. Walsh's failure to protect the petitioner from pretrial cross-examination, the following facts need to be related. The petitioner was charged with raping his son's girlfriend while his son was in jail. The petitioner's defense to this charge was that his sexual activity with the victim was consensual. The victim was expected to testify that the petitioner forcibly raped her. In order to cross-examine the victim on the issue of consent or lack of consent, defense counsel needed to explore the victim's sexual conduct.
Normally, inquiry into a sexual assault victim's sexual conduct is prohibited by the Connecticut rape-shield law, General Statutes § 54-86f. Walsh had to establish grounds for one of the statutory exceptions to this prohibition, in particular, the exception carved out where consent is the proffered defense, General Statutes § 54-86f(3). Walsh established this exception through the testimony of the petitioner (Petitioner's Exhibit A, December 12, 1989, pp. 38 through 67).
Contrary to the petitioner's claim, Walsh clearly attempted to avoid a pretrial hearing on this matter. He objected to the trial court's decision to require the defense to lay a foundation for the rape-shield law exception before the victim testified at the trial (Petitioner's Exhibit A, December 12, 1989, p. 37). Equally clearly, the trial court overruled this objection and compelled the defense to make its claim before the taking of evidence at the criminal trial (Petitioner's Exhibit A, December 12, 1989, pp. 36 and 37). It should be observed that Walsh succeeded in CT Page 2193 establishing the rape-shield exception (Petitioner's Exhibit A, December 12, 1989, p. 69).
Under these circumstances the petitioner's contention that Walsh failed to protect the petitioner from pretrial cross-examination is unfounded. The petitioner presented no legal expert at the habeas hearing to cast doubt on the propriety of proceeding as Walsh did. In fact, it is inconceivable that Walsh could have proceeded successfully in any other fashion. The petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that Walsh provided ineffective assistance in this regard.
 II
The petitioner next claims that Walsh rendered substandard representation by failing to present the testimony of Rozzda Eggleston, the petitioner's daughter, regarding a conversation she had had with the petitioner's son informing him that the petitioner was engaged in a sexual relationship with the victim, who was the son's girlfriend.
Walsh did call Rozzda Eggleston to testify as to this conversation (Petitioner's Exhibit B, December 15, 1989, pp. 13 through 15). Walsh attempted to elicit from Eggleston her version of the conversation which she purportedly had with her half-brother. The prosecution objected to this testimony on the ground that it was inadmissible hearsay (Petitioner's Exhibit B, December 15, 1989, p. 14). The trial court sustained this objection (Petitioner's Exhibit B, December 15, 1989, p. 15).
Walsh had argued that the conversation was an admissible exception to the hearsay bar because it amounted to a prior inconsistent statement by the petitioner's son with respect to certain topics about which the son had testified earlier in the trial. The trial court rejected this argument because the petitioner's son was never questioned about nor confronted with the putative conversation.
Later, Walsh attempted to recall this witness by offering a new basis on which to admit her testimony as to the conversation with the petitioner's son (Petitioner's Exhibit B, December 15, 1989, p. 109). Walsh argued that the contents of colloquy in question was being offered, not for the truth of the matters asserted therein, but to demonstrate the effect on the hearer, viz. CT Page 2194 the petitioner's son, and, therefore, the conversation was not hearsay at all. Walsh submitted to the trial court that the effect of the revelation by his half-sister of his father's affair with the son's girlfriend motivated the son falsely to accuse the father of making certain incriminating statements and to fabricate other testimony against his father. Again, the trial court ruled the testimony inadmissible (Petitioner's Exhibit B, December 15, 1989, p. 114).
Both of those rulings by the trial court were upheld on appeal, State v. Watson, supra, 155 through 157. The absence of Rozzda Eggleston's testimony was a result of the trial court's rulings rather than inaction by trial counsel.
Walsh testified at the habeas hearing that he refrained from questioning the petitioner's son about the purported conversation with Rozzda Eggleston because he was hostile to the defense and might deny any conversation had occurred. Again, no legal expert was presented at the habeas hearing impugning the wisdom of Walsh's tactical decisions as to this issue. The court finds that the petitioner has failed to meet his burden of proving that Walsh's assistance was deficient in the manner alleged.
 III
Finally, the petitioner claims that Walsh was ineffective by failing to object to comments made by the prosecution during final argument. The petitioner asserts that these comments mischaracterized and improperly denigrated the role of defense counsel in criminal cases. Specifically, the petitioner argues that Walsh ought to have objected to a statement made by the prosecution during the rebuttal portion of final argument that defense counsel's job was "to really cloud the issues so you don't look at the case in a straight forward manner. They try to distract you from the real issues involved." (Petitioner's Exhibit B, December 19, 1989, p. 51).
Walsh testified at the habeas hearing that he declined to object to this mischaracterization of the function of defense counsel because the comment was only minimally inflammatory; was transparently inaccurate, obviating the need to object to point out is fallacy to the jury; and was unlikely to prompt the trial court to take remedial action in any event. As noted above, no legal expert testified at the habeas hearing to controvert Walsh's assessment of the situation. The Constitution guarantees competent CT Page 2195 counsel but does not require that defense counsel will recognize and raise every conceivable claim, even of constitutional dimension, Johnson v. Commissioner, supra, 425.
Judicial scrutiny of counsel's performance must be "highly deferential," and the habeas court must indulge a strong presumption that trial counsel's representation falls within the "wide range" of reasonable, professional assistance, Quintana v.Warden, 220 Conn. 1, 5 (1991). Interrupting an opponent's opportunity to address the jury can sour the jurors toward the source of that interruption limiting the benefit of the objection. If the impropriety is slight and the misconception conspicuous, dignified silence may inspire more of an air of confidence than vociferous, but histrionic, objection. After considering all of the evidence in the case, the court finds that the petitioner has failed to meet his burden of proving that Walsh's tactical decision to decline to object fell outside the wide range of reasonable, professional representation.
For the above reasons, the petition is dismissed.
Sferrazza, J.