## STATE OF CONNECTICUT *v.* CARL CARTER
### (15077)

O'Connell, Spear and Stoughton, Js.

Argued September 26—officially released November 26, 1996

614

*Dennis F. O'Toole,* assistant public defender, for the appellant (defendant).

*Margaret Gaffney Radionovas,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *John Fahey,* deputy assistant state's attorney, for the appellee (state).

SPEAR, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of larceny in the third degree in violation of General Statutes § 53a-124 (a) (1),[1] using a motor vehicle without the owner's permission in violation of General Statutes § 53a-119b (a) (1),[2] and tampering with a motor vehicle in violation of § 53a-119b (c) (1).[3] His sole claim is that guilty knowl-

---

[1] General Statutes § 53a-124 (a) (1) provides in pertinent part: "A person is guilty of larceny in the third degree when he commits larceny as defined in section 53a-119 and: (1) The property consists of a motor vehicle, the value of which is five thousand dollars or less . . . ."

General Statutes § 53a-119 provides in pertinent part: "(8) A person is guilty of larceny by receiving stolen property if he receives, retains, or disposes of stolen property knowing that it has probably been stolen or believing that it has probably been stolen . . . ."

[2] General Statutes § 53a-119b (a) provides in pertinent part: "A person is guilty of using a motor vehicle without the owner's permission when: (1) He operates or uses, or causes to be operated or used, any motor vehicle unless he has the consent of the owner . . . ."

[3] General Statutes § 53a-119b (c) provides in pertinent part: "A person is guilty of interfering or tampering with a motor vehicle when: (1) He puts

edge is an essential element of each offense and the evidence was insufficient to prove such knowledge. We disagree and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. Gregory I. Godston, a coowner of Ultimate Automotive, left his place of business at approximately 6:30 p.m. on August 24, 1993. At that time, a brown 1984 Dodge 600 was on the lot with its windows intact. When Godston arrived at work the next morning the Dodge was not on the lot, and its keys, which were ordinarily kept on a key rack, were missing. Godston had not given anyone permission to use or take the car and immediately reported to the Cromwell police department that the car had been stolen.

On or about September 27, 1993, Detective Fernand Johnson of the Hartford police department observed a brown Dodge 600 on Middlefield Street in Hartford. The rear window on the passenger side was broken and the engine was running. Johnson ran a check on the registration plate and learned that the plate did not belong on the Dodge. Upon approaching the car, Johnson noticed that the key was in the ignition and the engine was running. The defendant was not able to produce the registration for the vehicle, and a check of the vehicle identification number revealed that it was stolen. The defendant stated that he was waiting for someone and that he was moving the car.

The defendant and a certain young person,[4] whom the defendant referred to as a "kid," had both operated the stolen car during the two weeks or so prior to September 27, 1993. The youth's father, who was considered a brother-in-law by the defendant, lived in the

into motion the engine of any motor vehicle while it is standing without the permission of the owner . . . ."

[4] The trial court ordered the file sealed to protect the identity of the young person.

same residence as the defendant, where the youth was a frequent visitor. The defendant, who was friendly with the youth, knew at the time that he was in a program at Long Lane School, a facility for delinquent children.[5]

The defendant was arrested and convicted after a jury trial. The trial court denied the defendant's motion for judgment of acquittal that was based on a claim of insufficient evidence to prove that the defendant had the requisite guilty knowledge for conviction on each of the offenses. This appeal followed.

The defendant claims that the evidence was insufficient to establish that he knew that the car was probably stolen, or that he did not have the owner's permission to use, operate or put the car's engine into motion. He testified that he received permission to operate the car from the youth, who told him that the car belonged to his mother.

We determine whether the evidence is sufficient to support a jury verdict by employing a familiar two part test. " 'We first review the evidence presented at trial, construing it in the light most favorable to sustaining the facts expressly found by the trial court or impliedly found by the jury. We then decide whether, upon the facts thus established and the inferences reasonably drawn therefrom, the trial court or the jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt.' " *State* v. *Joyner*, 225 Conn. 450, 455, 625 A.2d 791 (1993). " '[I]n viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence. The rule is that the jury's function is to draw whatever inferences from the evidence or facts

---

[5] General Statutes § 17a-12 (c) provides in pertinent part that "(1) any delinquent child may be placed at any time in Long Lane School . . . ."

established by the evidence it deems to be reasonable and logical.' " *State* v. *Sivri*, 231 Conn. 115, 132–33, 646 A.2d 169 (1994). "It is well settled that in reviewing a defendant's challenge to a verdict based on insufficient evidence, we defer to the jury. We do not sit as a seventh juror empowered to cast an overriding vote over the jury of six that actually heard the case." *State* v. *Brunori*, 22 Conn. App. 431, 434–35, 578 A.2d 139, cert. denied, 216 Conn. 814, 580 A.2d 61 (1990). Our Supreme Court has stated that " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . .' " (Citation omitted; emphasis in original.) *State* v. *Scielzo*, 190 Conn. 191, 197, 460 A.2d 951 (1983).

The defendant filed a motion for judgment of acquittal after the verdict of guilty, pursuant to Practice Book § 899.[6] Our review, therefore, encompasses the defendant's evidence as well as the evidence presented by the state. *State* v. *Rutan*, 194 Conn. 438, 444, 479 A.2d 1209 (1994).

The defendant was charged with larceny in the third degree as a receiver of stolen goods. Thus, proof that the defendant received the car "knowing that it has probably been stolen" was required. General Statutes § 53a-119 (8); *State* v. *Polanco*, 26 Conn. App. 33, 44, 597 A.2d 830, cert. denied, 220 Conn. 926, 598 A.2d 367 (1991). Possession of stolen property, standing alone, does not give rise to an inference that the possessor knew that the property was probably stolen. *State* v. *Anonymous (83-FG)*, 190 Conn. 715, 721, 463 A.2d 533

---

[6] Practice Book § 899 provides in relevant part: "If the jury return a verdict of guilty, the judicial authority, upon motion of the defendant or upon its own motion, shall order the entry of a judgment of acquittal as to any offense specified in the verdict, or any lesser included offense, for which the evidence does not reasonably permit a finding of guilty beyond a reasonable doubt. . . ."

(1983). " 'Ordinarily, guilty knowledge can be established only through an inference from other proved facts and circumstances. The inference may be drawn if the circumstances are such that a reasonable man of honest intentions, in the situation of the defendant, would have concluded that the property was stolen.' " *In re Adalberto S.*, 27 Conn. App. 49, 53, 604 A.2d 822, cert. denied, 222 Conn. 903, 606 A.2d 1328 (1992).

The facts and circumstances of this case do give rise to an inference of guilty knowledge. First, our courts have recognized that recent possession of stolen property may give rise to an inference that the possessor knew that the property was stolen. *State* v. *Rivera*, 39 Conn. App. 96, 104, 664 A.2d 306, cert. denied, 235 Conn. 921, 665 A.2d 908 (1995); *State* v. *Roscoe*, 212 Conn. 223, 249, 563 A.2d 267 (1989), cert. denied, 493 U.S. 1084, 110 S. Ct. 1144, 107 L. Ed. 2d 1049 (1990); *State* v. *Palkimas*, 153 Conn. 555, 558–59, 219 A.2d 220 (1966). Furthermore, other facts also support an inference that the defendant's behavior was not that of a reasonable person of honest intentions. The defendant failed to check with the youth's mother despite the fact that he knew the youth's family and he knew of the youth's probable delinquency. As the defendant concedes, the jury was not required to accept his testimony as true. The jury had been instructed by the trial court that guilty knowledge is an essential element of each crime, and the jury, in reaching its verdict, rejected the defendant's claim that he lacked such knowledge and properly inferred the requisite knowledge. On review of all of the evidence, we conclude that a rational trier of fact could find that the defendant had the requisite knowledge to support his conviction of larceny in the third degree.

The defendant also claims that the evidence was insufficient to prove that he knew that he did not have the owner's permission to operate the car. The short

answer to this assertion is that the jury was not required to accept all of the defendant's evidence as true, or to view the defendant's dealings with the youth with respect to the car as innocent.[7] If the jury chose not to believe the defendant, the evidence that the owner did not give permission to the defendant or anyone else to remove the car from his premises or use it was sufficient, in conjunction with the other circumstances, to convict the defendant of using a motor vehicle without the owner's permission and tampering with a motor vehicle. This is so even if we assume, without deciding, that *In re Adalberto S.*, supra, 27 Conn. App. 49,[8] requires proof of guilty knowledge on the part of an individual who is charged with operating a motor vehicle without the owner's permission. Such guilty knowledge properly could be inferred from the evidence presented in this case.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] The youth was not called as a witness.

[8] In *In re Adalberto S.*, supra, 27 Conn. App. 55, we held that the evidence was insufficient to convict a passenger in a stolen car of using a motor vehicle without the owner's permission where, although the evidence proved that the owner of the car did not give permission to that defendant, the state failed to prove lack of permission as to the other persons in the car. We stated that as to a passenger, the state must prove that no one in the car had the owner's permission to use the vehicle and that the defendant passenger knew of that lack of permission. Id., 53.