STATE OF CONNECTICUT *v.* ANTHONY BROCUGLIO
(AC 18521)

Foti, Schaller and Mihalakos, Js.

Argued October 21, 1999—officially released February 1, 2000

*Emmet Hibson* and *Michael Richards*, certified legal interns, with whom was *Pamela S. Nagy*, assistant public defender, for the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Donna Mambrino*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Anthony Brocuglio, appeals from the judgment of conviction, rendered after a trial to the jury, of assault in the third degree in violation of General Statutes § 53a-61 (a) (1).[1] On appeal, the defendant claims that the trial court improperly (1) sustained his conviction because the state failed to disprove beyond a reasonable doubt his defense of justifi-

---

[1] The defendant's motion for judgment of acquittal was granted by the trial court on an additional charge of risk of injury to a child in violation of General Statutes § 53-21.

cation and (2) made a number of evidentiary rulings that deprived him of his rights to confrontation and to present a defense.[2] We reverse the judgment and remand the case for a new trial.

The jury reasonably could have found the following facts. The defendant is the father of the victim, who was fourteen years old during the spring of 1995. On May 24, 1995, the two became embroiled in a heated argument that resulted in a physical confrontation. When the victim said that he would call the police and picked up the telephone, the defendant unplugged it. The victim then banged the hand receiver on a coffee table, and the defendant slapped him severely on the side of his head and pulled him off the couch by his feet, causing him to bang his elbow and buttock on the floor. The defendant then forcefully hit or grabbed the victim to hold him down and sat on him. The victim succeeded in putting his arm around the defendant's neck in a choke hold. The victim was then able to break free and leave the house. The victim had a visible red mark on his face caused by being hit by the defendant.

I

The defendant claims that there was insufficient evidence to sustain his conviction for assault in the third degree because the state failed to disprove beyond a reasonable doubt his defense of justification. He argues that there was sufficient evidence to establish the justification of reasonable force under General Statutes § 53a-

---

[2] The defendant also claims that the court improperly ordered the defendant's wife sequestered during voir dire, instructed the jury on justification and ruled on numerous other evidentiary claims, thereby restricting him from producing evidence critical to his defense. The defendant further claims that he was deprived of a fair trial because of the prosecutor's misconduct during the trial and improper arguments to the jury. We need not, however, address these claims to resolve this appeal.

18 (1)[3] and that because the state failed to disprove this defense, the conviction must be vacated.

On appeal, the standard for reviewing sufficiency claims in conjunction with a justification offered by the defense is the same standard used when examining claims of insufficiency of the evidence. "Our Supreme Court has stated: In reviewing [a] sufficiency [of evidence] claim, we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Ingram*, 43 Conn. App. 801, 809, 687 A.2d 1279 (1996), cert. denied, 240 Conn. 908, 689 A.2d 472 (1997). "The rule is that the jury's function is to draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Internal quotation marks omitted.) *State* v. *Francis*, 228 Conn. 118, 127, 635 A.2d 762 (1993).

Construing the evidence in the light most favorable to sustaining the verdict, i.e., most favorable to the state, we conclude, without the necessity of further review of the evidence presented, which was obviously accepted by the jury, that the defendant intended to cause and did in fact cause physical injury to the victim. The jury did not find the defendant's defense of justification proven.[4] Whether the force used by a parent under

---

[3] General Statutes § 53a-18 (1) provides in relevant part: "A parent . . . entrusted with the care and supervision of a minor . . . may use reasonable physical force upon such minor . . . when and to the extent that he reasonably believes such to be necessary to maintain discipline or to promote the welfare of such minor . . . person."

[4] The defendant's version of the incident was that the victim was involved in an unprovoked attack on him and that he merely responded by holding the victim so that he would not hurt himself or others. The state argues that the defendant did not produce sufficient evidence to satisfy the elements

§ 53a-18 (1) is justifiable and not criminal depends on whether it is "reasonable" physical force that the parent believes "to be necessary to maintain discipline or to promote the welfare of [the] minor . . . ."

While there exists a parental right to punish children for their own welfare, to control and restrain them and to adopt disciplinary measures in the exercise of that right, whether the limit of "reasonable" physical force has been reached in any particular case is a factual determination to be made by the trier of fact. *State* v. *Leavitt*, 8 Conn. App. 517, 522, 513 A.2d 744, cert. denied, 201 Conn. 810, 516 A.2d 886 (1986).

We conclude that there exists ample support for the jury's implicit finding that the physical force used by the defendant was not reasonable and that he exceeded his limited right as a parent to discipline his son.

II

The defendant alleges that numerous evidentiary rulings by the trial court deprived him of his constitutional rights to confrontation and to present a defense. He argues that the court's actions prevented him from impeaching the credibility of the victim and from showing that the victim had a motive to testify falsely. The defendant also claims that because the court excluded from evidence a photograph of the defendant taken on the night in question, his defense was curtailed and the jury was not allowed to view the fingerprints in the photograph in the form of bruises left on his neck by the victim.

---

of justification or to raise a question of fact sufficient for the jury not to resort to guess and speculation. See *State* v. *Tyson*, 23 Conn. App. 28, 33, 579 A.2d 1083, cert. denied, 216 Conn. 829, 582 A.2d 207 (1990). The state recognizes that a defendant may present alternative or even inconsistent defenses at trial. *State* v. *Shabazz*, 246 Conn. 746, 764–65, 719 A.2d 440 (1998), cert. denied, 525 U.S. 1179, 119 S. Ct. 1116, 143 L. Ed. 2d 111 (1999).

While the defendant recognizes that a claim of cumulative error caused by the effect of many improprieties, none of which individually renders his trial unfair, would not warrant reversal of judgment; *State* v. *Cassidy*, 236 Conn. 112, 145–46, 672 A.2d 899, cert. denied, 519 U.S. 910, 117 S. Ct. 273, 136 L. Ed. 2d 196 (1996); he claims that the court's rulings excluded evidence that so bore on motive of the state's key witness that they infringed on his confrontation rights. See *State* v. *Colton*, 227 Conn. 231, 250, 630 A.2d 577 (1993), on appeal after remand, 234 Conn. 683, 663 A.2d 339 (1995), cert. denied, 516 U.S. 1140, 116 S. Ct. 972, 133 L. Ed. 2d 892 (1996). "If an impropriety is of constitutional proportions, the state bears the burden of proving that the error was harmless beyond a reasonable doubt." *State* v. *Cavell*, 235 Conn. 711, 720, 670 A.2d 261 (1996). "The standard for determining whether a nonconstitutional error is harmless is that [t]he defendant must show that it is more probable than not that the erroneous action of the court affected the result." (Internal quotation marks omitted.) Id., 721–22.

While the defendant claims that the court abused its discretion in approximately twelve evidentiary rulings during the testimony of witnesses for the state and the defense, we need not review each and every ruling because we find the following issues to be determinative.

On direct examination, the victim testified that he chose to live at his sister N's house because it was safer and healthier. The defendant was precluded from attempting to impeach the victim on the conditions, relative to safety at N's house, on the reasons for the confrontation relative to the defendant's claim that the victim had behavioral problems and required parental restraint, and on the victim's motive, if any, for falsifying his claim as to the cause of the altercation. Because the state opened the door as to the conditions that

existed at N's house, the defendant had the right to inquire on cross-examination about this line of questioning.[5]

On direct examination, the victim testified that the defendant struck him on the side of the head for no apparent reason. The defendant was precluded from inquiring of the victim whether he had ever assaulted his father and whether he had a history of violent behavior in an attempt to impeach him relative to who was the aggressor in the incident at issue.

The defendant was precluded from presenting evidence in the form of testimony from his daughter J relative to the victim's credibility on who was the aggressor that evening. In an offer of proof, she testified that she had seen the victim attack his father, hit him and throw things at him many times before, and that the victim had initiated those attacks and given the defendant a lot of trouble.

The defendant was precluded from introducing evidence of the victim's violent propensity when the court refused to allow into evidence a photograph of the defendant taken that night depicting marks on his neck caused by the victim. The court ruled the photograph inadmissible under the best evidence rule because the photographer was not in court to testify.[6] The defendant should have been allowed to present that physical evidence to corroborate his testimony.

---

[5] During an offer of proof, the defendant testified that he prohibited his son from visiting N not only because of her lifestyle but because of her prior arrests for cocaine sales and prostitution, and because a proven child molester frequented that home. The defendant claimed that the victim was the aggressor because he was not allowed to visit N's house and not because of any other reason.

[6] The state concedes that the court was incorrect in indicating that the photographer was required to testify for the photograph to be admitted. The state argues that the ruling was "preliminary" and that the defendant was not harmed by the ruling.

"To the extent that evidence offered in defense is relevant and mitigates a crime charged, it should not be excluded from the factfinder. . . . When defense evidence is excluded on evidentiary grounds, such exclusion may give rise to a claim of denial of the right to present a defense. . . . [Evidence] is admissible if it tends to support a relevant fact even in a slight degree . . . ." (Citations omitted; internal quotation marks omitted.) *In re Adalberto S.*, 27 Conn. App. 49, 57, 604 A.2d 822, cert. denied, 222 Conn. 903, 606 A.2d 1328 (1992).

We conclude that the court improperly excluded as irrelevant the proffered evidence and that exclusion more probably than not affected the result of the trial. See *State* v. *Cavell*, supra, 235 Conn. 720.[7]

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[7] Because we agree with the defendant on these claims, we find it unnecessary to address his remaining claims.